[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14786
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2010
JOHN LEY
CLERK

Agency No. A099-635-900


JOSE ISRAEL DIAZ HERNANDEZ,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 17, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Jose Israel Diaz Hernandez ("Petitioner") seeks review of the final order of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") denial of Petitioner's request for asylum. We deny the petition.

Petitioner, a native and citizen of Guatemala, claims that he and members of his family were beaten and threatened by gang members in that country. Although his application for asylum and later asylum interview statements contradict at times, he explained that gang members routinely took money from his uncle. When the uncle refused to pay more money, the gang beat petitioner and other family members. All of the alleged beatings occurred in 1997; and Petitioner came to the United States in 1998, when he was nine years old.

In 2006, the Department of Homeland Security served Petitioner with a Notice to Appear, charging him with being removable as an alien present in the United States without admission or parole. Petitioner filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture based on membership in a social group. See 8 U.S.C. § 1158(a) (asylum); id. § 1231(b)(3) (withholding of removal); 8 C.F.R. § 208.16 (CAT).

In his asylum application and at his asylum hearing before the Immigration Judge (IJ), Petitioner variously expressed that he feared for his life and safety if he returned to Guatemala because of his uncle's refusal to pay the gang members or because of his own refusal to join a gang, because he had spent time in the United States, and because his uncle had recently been found dead. After taking testimony, the IJ denied all of Petitioner's requests. The IJ did not make an adverse credibility determination, but concluded that Petitioner's generalized testimony did not establish a nexus to protected grounds on which asylum could be granted. The IJ also determined that Petitioner had not established past persecution or a well-founded fear of future persecution based on a protected ground. Petitioner had made no showing that he would be tortured by, or with the acquiescence of, government officials; so, his application for CAT relief was also denied. The IJ accordingly ordered removal.

Petitioner appealed his case to the BIA, which dismissed his appeal and his motion to remand the case to the IJ. Although the BIA treated Petitioner as credible, it concluded that his application did not state facts warranting asylum or relief.

We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. Kazemzadeh v. United States Attorney Gen., 577 F.3d 1341,

3

1350 (11th Cir. 2009). A review for substantial evidence is highly deferential, and we view evidence in the light most favorable to the [BIA's] decision and draw all reasonable inferences" in its favor. Id. at 1351. When the BIA expressly adopts the opinion of the IJ, we review the adopted portion of the that opinion. Id. We review the BIA's statutory interpretation de novo, but defer if it is reasonable. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

Petitioner claims that the IJ and BIA erred in denying him asylum on the basis of past persecution, which requires the "applicant [to] prove (1) that []he was persecuted, and (2) that the persecution was on account of a protected ground. Kazemzadeh, 577 F.3d at 1351 (alteration in original). "[P]ersecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and ... mere harassment does not amount to persecution." Diallo v. United States Attorney Gen., 596 F.3d 1329, 1333 (11th Cir. 2010). "In determining whether an alien has suffered past persecution, the IJ [and the BIA] must consider the cumulative effects of the incidents." Id.

Episodic beatings or isolated death threats do not amount to persecution. See Djonda v. United States Attorney Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (beatings); Silva v. United State Attorney Gen., 448 F.3d 1229, 1237 (11th Cir. 2006) (death threats). And evidence that a petitioner was the victim of criminal

4

activity (including extortion) "does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. United States Attorney Gen., 440 F.3d 1247, 1258 (11th Cir. 2006). The IJ and BIA concluded that Petitioner's experiences in Guatemala did not amount to persecution, a conclusion supported by substantial evidence: his own testimony.

The BIA also concluded that Petitioner could not demonstrate a well-founded fear of future persecution based on a protected ground. Petitioner failed to establish that his fear of returning to Guatemala was linked to membership in a social group (his family) given his explanation that the gangs might target him for his own refusal to become a member or, alternatively, for his uncle's refusal to give money to the gang. Neither of these reasons constitute fear based on a protected ground. See Ruiz v. United States Attorney Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) (reprisals for refusal to join a group are not based on a protected ground); Rivera v. United States Attorney Gen., 487 F.3d 815, 821–22 (11th Cir. 2007) (reprisals for refusal to pay extorted money or "war taxes" is not based on a protected ground).

Petition Denied.